ANDREW P. THOMAS
MARICOPA COUNTY ATTORNEY

By:   MARIA R. BRANDON
      State Bar No. 004249
      Deputy County Attorney
      MCAO Firm No. 00032000
      Brandon@mcao.maricopa.gov

CIVIL DIVISION
Security Center Building
222 North Central Avenue, Suite 1100
Phoenix, Arizona 85004-2206
Telephone (602) 506-8541

Attorneys for Defendants Maricopa County and Sheriff Arpaio

IN UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James John Hadges,<br><br>            Plaintiff,<br><br>v.<br><br>Maricopa County, a political subdivision of the State of Arizona; Sheriff Joseph Arpaio, as elected representative and as acting director of Maricopa County Sheriff's Office; Maricopa Medical Center, an administrative agency of Maricopa County; Correctional Health Services, an administrative agency of Maricopa County; Does 1-10 inclusive; Roe Corporations 1-10 inclusive,<br><br>            Defendants. | NO. CIV 04-0259-PHX-EHC<br><br>**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Defendants Maricopa County and Sheriff Joseph Arpaio, by and through

1

1  undersigned Counsel, hereby move this Court for summary judgment as a
2  matter of law pursuant to Federal Rules of Civil Procedure, Rule 56 (c), for the
3  reason that Defendant Sheriff is not a medical provider and is not responsible for
4  providing medical care in the Maricopa County Jail system, and Defendant
5  Maricopa County, the party that is responsible for providing medical care to jail
6  inmates, was not deliberately indifferent to a serious medical need and provided
7  medical care that met all standards of care. This Motion is based on the
8  accompanying Memorandum of Points and Authorities incorporated herein by
9  this reference.

10     RESPECTFULLY SUBMITTED this  30th   day of January 2007.

11                                  ANDREW P. THOMAS
                                    MARICOPA COUNTY ATTORNEY
12

13                                  BY:   s/Maria R. Brandon
                                          MARIA R. BRANDON
14                                        Deputy County Attorney
                                          Attorneys for Defendants Maricopa
15                                        County and Sheriff Joseph Arpaio

16                     **MEMORANDUM OF POINTS AND AUTHORITIES**

17  **I.    SUMMARY JUDGMENT STANDARD**

18       To obtain summary judgment, the moving party must demonstrate there is
19  no genuine issue as to any material fact and the moving party is entitled to
20  judgment as a matter of law. Fed. R. Civ. P. 56(c).  A material fact creates a
21  genuine issue for trial "if the evidence is such that a reasonable jury could return
22  a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986). The moving party may meet the burden by showing there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

## II.   LEGAL ARGUMENT

### A.   Defendant Sheriff Arpaio is not a medical provider and is not responsible for medical care in the Maricopa County Jails.

Medical care within the Maricopa County Jail System is provided by Maricopa County through their subdivision or department called "Correctional Health Services." (CHS) (SOF ¶ 1) It is important to clarify that "Correctional Health Services" is nothing more than a group or subdivision within Maricopa County. (SOF ¶ 1) "Correctional Health Services" is not related to the Sheriff's Office; it is a part of Maricopa County.

The Sheriff is an elected official responsive to the electorate; he is not controlled by Maricopa County or by the Maricopa County Board of Supervisors. The Sheriff has his own office of employees to assist him in carrying out his statutory duties; his statutory duties do not include employing medical providers or providing medical care to inmates in the jail. A.R.S. § 11-441(A). Neither the Sheriff nor his employees in the Maricopa County Sheriff's Office (MCSO) are licensed health care providers; they are neither physicians nor nurses.

Maricopa County is the public entity responsible for providing medical care to inmates incarcerated in the Maricopa County Jails, not the Sheriff. (SOF

¶ 3); A.R.S. § 11-291. It administers this responsibility through a group of Maricopa County employees designated "Correctional Health Services" (CHS).

The Sheriff has no control over Maricopa County, CHS, or their medical care providers; the Sheriff has control only over his own employees in the Sheriff's Office. The Sheriff has responsibilities with regard to the jails but not for the medical care of the inmates. See A.R.S. § 11-441(A). The Arizona state legislature has statutorily set forth that healthcare responsibilities for inmates lie with the counties. A.R.S. § 11-291. Therefore, judgment should be entered in favor of Defendants Sheriff Arpaio as a matter of law; Arpaio is not liable for either in tort law or for violating constitutional rights for deliberate indifference to a serious medical need under the Civil Rights Act, 42 U.S.C. § 1983

**B.     Sheriff Arpaio And Maricopa County Cannot Be Liable Because There Is No *Respondeat Superior* Under The Civil Rights Act, 42 U.S.C. § 1983.**

Sheriff Arpaio and Maricopa County cannot be liable because there is no *respondeat superior* under the Civil Rights Act, 42 U.S.C. § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Plaintiff failed to sue any individual detention officer or employee whom he alleged directly deprived him of his constitutional rights or retaliated against him. Since there is no *respondeat superior*, neither Maricopa County nor the Sheriff can be liable for a violation of civil rights.

. . .

. . .

**C.  Defendant Maricopa County Was Not Deliberately Indifferent To Plaintiff's Serious Medical Needs.**

Defendant Maricopa County was not deliberately indifferent to Plaintiff's serious medical needs. It is a violation of the Fourteenth Amendment to deny an inmate medical attention if the denial amounts to deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976). The deliberate indifference standard imposes liability only if the person "knows of and disregards an excessive risk to inmate health and safety." *Farmer v. Brennen*, 511 U.S. 825, 834 (1994). A prisoner's civil rights have not been violated unless the indifference to medical needs is substantial. *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980). There must be more than mere indifference, negligence, or medical malpractice to support a § 1983 cause of action. *Id.*

Plaintiff and he was seen by medical staff and treated. (SOF ¶2). Plaintiff's complaint alleges his constitutional rights were violated because he did not receive adequate medical care. This is not the standard to be applied in constitutional civil rights cases. The issue is whether there was deliberate indifference to a serious medical need, not whether the medical care was to plaintiff's liking or even whether there was malpractice. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976).

Additionally, Plaintiff has not disclosed any expert witness to support his allegation that the treatment he received fell below the appropriate standard for

5

medical treatment.  In fact, the affidavit provided by Dr. Todd Wilcox, a medical doctor, indicates just the opposite. (SOF ¶ 2 ). According to Dr. Wilcox, Plaintiff received "appropriate medical care in a timely fashion that meets the standards of care for medical treatment and practice."  (SOF ¶ 2 ).

Finally, Plaintiff has not presented any evidence that he has suffered any injury as a result of the medical care he received in the Maricopa County Jail. See 42 U.S.C. § 1997e(e).

## IV. CONCLUSION

For the foregoing reasons, Defendants request this Court grant summary judgment for Defendants on all claims.

RESPECTFULLY SUBMITTED this 30th day of January 2007.

        ANDREW P. THOMAS
        MARICOPA COUNTY ATTORNEY

        BY:     s/Maria R. Brandon
            MARIA R. BRANDON
            Deputy County Attorney
            Attorneys for Defendants Maricopa
            County and Sheriff Joseph Arpaio

ORIGINAL of the foregoing E-FILED
and copies MAILED this 30th day
of January 2007 to:

Honorable Earl H. Carroll
United States District Court Judge
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street, SPC 48
Phoenix, Arizona 85003

1 and copy mailed to:

2 Philip A. Seplow
Law Offices of Philip A. Seplow
3 2000 North 7th Street
Phoenix, Arizona 85006
4 Attorney for Plaintiff

5 James J. Hadges, ADOC #124198
ASPC-Lewis
6 Stiner blue 2-d-10
P.O.Box 3100
7 Buckeye, Arizona 85326

8

s/Lea Wink
9 _____
CJ 03-040

10 S:\COUNSEL\civil\Matters\CJ\2003\Hadges CJ03-040\Pleadings\MTD.doc

11

12

13

14

15

16

17

18

19

20

21

22